## Gas and Oil Management Associates, Inc. v. Garrison-Simonsen, Inc.

*H. Robert Hampson*, for plaintiff.
*Will J. Schaaf*, for defendants.

WOLFE, *P.J.*, April 17, 1980—Plaintiff has made an untimely demand for a jury trial which defendants oppose.

Pa.R.C.P. 1007.1(a) provides in any action in which the right to a jury trial exists is deemed waived unless a party files and serves a written demand for jury trial not later than 20 days after service of the last permissible pleading.

Plaintiff relies upon the comments of Goodrich-Amram stating: "If a party is permitted to amend a pleading, the amended pleading would be 'permissible' and a new period of 20 days would be created within which the demand might be made." 1 Goodrich-Amram 2d § 1007.1(a):1.

Plaintiff therefore argues that since Pa.R.C.P. 1033 permits a party to file an amended pleading by consent or by leave of court, amendment should be made in this instance to demand a jury trial.

We would have no difficulty with plaintiff's interpretation of the comments of Goodrich-Amram provided plaintiff were also requesting to amend the pleading to conform to Rule 1033; however, this is not the case. Plaintiff merely desires to amend to plead a demand for jury trial, not to change the form of action, correct the name of a party or state a cause in conformity with the proposed evidence. In our view the comments do not support plaintiff's position. Indeed, if plaintiff's logic be correct, there would be no purpose for the rule because if a party neglected to demand a jury trial within the stated time, all that would be necessary would be to file an amended pleading to make the demand. This was not the intent of the Rules Committee as we see it.

For these reasons we enter the following

## ORDER

And now, April 17, 1980, the demand for jury trial is denied.